UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
JOSE LUIS PASTOR and MOISES AGUILA     :
RAMIREZ,                                                            :
                                                                              :
                              Plaintiffs,             :        21-CV-2720 (VSB)
                                                                              :
              - against -                                  :        **OPINION & ORDER**
                                                                              :
                                                                              :
BATTERY PARK CLEANERS INC. (D/B/A  :
BATTERY PARK CLEANERS) and DONG    :
S. SONG,                                                              :
                                                                              :
                            Defendants.         :
                                                                              :
---------------------------------------------------------X

Appearances:

Catalina Sojo
James O'Donoghue Larusso
CSM Legal P.C.
New York, New York
*Counsel for Plaintiffs*

Marc Scolnick
Law Office of Marc Scolnick
Kew Gardens, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       On April 27, 2022, Jose Luis Pastor and Moises Aguila Ramirez ("Plaintiffs") filed a letter requesting me to approve their settlement with Battery Park Cleaners Inc. and Dong S. Song ("Defendants"), attaching their settlement agreement. (*See* Doc. 38 ("Letter"); *see also* Doc. 38 Ex. A ("Agreement")).

       Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir.

2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). After reviewing the Agreement, including the request for attorneys' fees, I find it to be fair and reasonable, and approve the settlement.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d, at 604 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

## II. Discussion

### A. *Settlement Amount*

In their complaint, Plaintiffs allege that Defendants failed to pay them minimum wages and overtime, and violated the notice and wage statement provisions under the New York law. (*See* Compl. ¶¶ 80–105.) As reflected by their damages chart, (Doc. 38 Ex. B ("Chart")), a full recovery on all of Plaintiff's claims—including actual damages, liquidated damages, penalties, and interest, excluding attorneys' fees and costs—amounts to $37,224.00 for Pastor and $74,380.01 for Ramirez, totaling $ 111,604.01. (*See* Chart 1, 2.) Pursuant to the Agreement, Pastor will be entitled to $8,400.00 after deduction of attorneys' fees and costs, and Ramirez to $19,600.00, totaling $28,000.00. (*See* Agreement 3.) The settlement amount represents roughly 23 percent of Pastor's possible recovery, and 26 percent of Ramirez's. I find this amount fair and reasonable and in line with other cases approving FLSA settlements in this circuit. *See Nash v. Countywide Carting, LTD*, 19-CV-9138 (AEK), 2022 WL 602998, at *2 (S.D.N.Y. Mar. 1, 2022) (explaining that courts have approved settlement amounts as low as "approximately 18% of [p]laintiff's total alleged damages" and collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("Several courts have approved settlements that provide around one-quarter or one-third of total alleged damages.").

### B. *Attorneys' Fees and Costs*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill*, 2020 WL

3

5578357, at *6 (citations omitted). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

Here, of the total settlement amount of $42,000.00, $28,000.00 will be paid to Plaintiffs, which leaves $14,000—one third of the total amount—for attorneys' fees and costs. (*See* Agreement 2–3.) The billing records show that Plaintiff's counsel's loadstar amount is $7,081.50, and the $14,000 attorney's fees and costs represents roughly twice the loadstar amount. I find such amount to be fair and reasonable, particularly as courts in this Circuit routinely award attorneys' fees of one-third total recovery, and the 2.0 loadstar multiplier is on the lower end of the multipliers regularly approved. *See Johnson*, 2011 WL 4357376, at *20.

### III. Conclusion

For the foregoing reasons, and having reviewed the parties' proposed Agreement in its entirety, I find that the Agreement is fair and reasonable. Accordingly, the motion to approve the Agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close all open motions on the docket and to terminate this action.

SO ORDERED.

Dated: April 13, 2023
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge